IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-10744
Summary Calendar

---

Doris Stevenson, et al.          Plaintiff-Appellee,

versus

Rochdale Investment              Defendant-Appellant.
Management, Inc.

---

Appeal from the United States District Court
for the Nortern District of Texas
(3:97-CV-1544-T)

---

February 18, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rochdale filed an interlocutory appeal from the district court's denial of its motion to stay and compel arbitration. The plaintiffs argue that this court lacks jurisdiction over this appeal or, in the alternative, that the district court's denial should be affirmed.

Jurisdiction over Rochdale's appeal from an order denying a motion to stay proceedings and compel arbitration is proper pursuant to 9 U.S.C. § 16(a). A trial court's finding that a party has waived its right to arbitration is subject to de novo review, but the factual findings underlying that conclusion may not

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be overturned unless clearly erroneous.  <u>Frye v. Paine, Webber, Jackson & Curtis, Inc.</u>, 877 F.2d 396, 398 (5th Cir. 1989), <u>cert. denied</u>, 494 U.S. 1016 (1990).

Although there is a presumption against waiver, waiver may be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. <u>Walker v. J.C. Bradford & Co.</u>, 938 F.2d 575, 577 (5th Cir. 1991); <u>see</u> <u>also</u> <u>Price v. Drexel Burnham Lambert, Inc</u>., 791 F.2d 1156 (5th Cir. 1986).  The district court's finding of prejudice to the plaintiffs is not clearly erroneous.  In addition, Rochdale's proffered justification for its belated motion to compel arbitration, that it was not aware that the plaintiffs intended to argue that the Investment Advisory Agreements were accepted by Rochdale, is unconvincing given the facts of this case.

The district court's denial of Rochdale's motion to stay and compel arbitration is AFFIRMED.